U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 13 2018

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DALE H. SUMMERLIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-1016-A |
| | § | |
| ROBERT W. BARROW, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Robert W. Barrow, to dismiss. The court, having considered the motion, the response of plaintiff, Dale H. Summerlin, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Background

This is the second time this action has been before the court. On March 10, 2017, plaintiff filed her original petition in the District Court of Tarrant County, Texas, 96th Judicial District. Defendant filed a notice of removal, urging that plaintiff had stated federal claims. The case was assigned Civil Action No. 4:17-CV-327-A. The court granted plaintiff's motion to remand the case, finding that plaintiff had only asserted a state law claim for violation of her right to privacy by defendant.

After the case was remanded, plaintiff filed an amended petition. On December 20, 2017, defendant filed his second notice of removal, again bringing the case before this court where it was assigned the above-referenced case number, this time on the basis that plaintiff's amended petition asserted claims preempted by federal law. Doc.[1] 1.

Plaintiff filed a motion for remand, which the court ordered stricken for a number of reasons explained in its January 8, 2018 order. Doc. 11. Plaintiff did not refile the motion. Therefore, by order signed January 19, 2018, the court ordered the parties to file amended pleadings in keeping with the requirements of the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Northern District of Texas, and the judge-specific requirements of the undersigned. Doc. 15. On February 1, 2018, plaintiff filed her amended complaint, which is her operative pleading. Doc. 21.

Plaintiff's amended complaint consists of a few short paragraphs, making clear that plaintiff's claim arises out of an alleged invasion of her right to privacy "when the Defendant distributed and ordered a private document to be posted publicly." Doc. 21 at 1, ¶ (2)(a). The "private document" to

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

which she refers is attached as Exhibit 1 to her amended complaint and is a letter addressed to plaintiff from the general counsel for the Association of Flight Attendants-CWA. Plaintiff seeks damages totaling $2,000,000.00.

II.

## Grounds of the Motion

Defendant urges that plaintiff has failed to state a claim upon which relief can be granted.

III.

## Applicable Pleading Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as

true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum,

"a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

IV.

Analysis

Plaintiff references the First, Fourth, and Ninth Amendments in her amended complaint,[2] none of which regulate the conduct of private parties. See, e.g., Belluso v. Turner Communications Corp., 633 F.2d 393, 398 (5th Cir. 1980)(1st Amendment is a restraint on government, not private persons); United States v. Runyan, 275 F.3d 449, 457 (5th Cir. 2001)(Fourth Amendment does not apply to private individuals); Johnson v. Tex. Bd. of Crim. Justice, 281 F. App'x 319, 320 (5th Cir. 2008)(Ninth Amendment does not confer substantive rights). Plaintiff has not alleged any facts to support a cause of action over which the court would have original jurisdiction.

It does appear that plaintiff is only asserting, or attempting to assert, a claim against defendant under state law for invasion of privacy. Texas courts recognize three distinct torts that may constitute an invasion of privacy. Cornhill Ins. PLC v. Valsamis, Inc., 106 F.3d 80, 85 (5th Cir. 1997). They are: (1) intrusion upon plaintiff's seclusion or solitude; (2) public disclosure of embarrassing private facts about plaintiff; and (3) appropriation for defendant's advantage of plaintiff's name or

---

[2] The court infers that plaintiff references these Amendments because the case is in federal court. Doc. 21 at 1 ("Defendant's insistence on federal jurisdiction finds us in the Northern District of Texas (Fort Worth).").

6

likeness. Indus. Found. of the S. v. Tex. Indus. Accident Bd., 540 S.W.2d 668, 682 (Tex. 1976).[3] Plaintiff does not allege any facts that would support the second or third type of invasion.[4] Nor does the alleged invasion at issue fit the first category of invasion.

Texas courts considering intrusion on seclusion or solitude have interpreted this tort to be a willful, unwarranted invasion of privacy that would be highly offensive to a reasonable person. Valenzuela v. Aquino, 853 S.W.2d 512, 513 (Tex. 1993). Moreover, such an intrusion claim is typically associated with either a physical invasion of a person's property or eavesdropping. Cornhill, 106 F.3d at 85; Bray v. Cadle Co., No. 4:09-CV-663, 2010 WL 4053794, at *16 (S.D. Tex. Oct. 14, 2010). No facts are alleged that would support such a claim in this case. Rather, the amended complaint reflects that defendant was a recipient of the letter; he did not obtain private correspondence of plaintiff by improper means. There was no personal intrusion into plaintiff's

---

[3] As noted in Cornhill, the Supreme Court later refused to recognize the fourth type of invasion of privacy identified in Indus. Found., false light invasion of privacy. Cain v. Hearst Corp., 878 S.W.2d 577 (Tex. 1994).

[4] A claim for disclosure of embarrassing private facts requires that publicity was given to matters concerning the plaintiff's personal life, the publication would have been highly offensive to a reasonable person of ordinary sensibilities, and the matter publicized was not of legitimate public concern. Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473-74 (Tex. 1995). That is not the case here, where the letter was in response to a FaceBook post of plaintiff and does not address intimate or embarrassing facts.

private affairs.[5] See Coal. for Airline Passengers' Bill of Rights v. Delta Air Lines, Inc., 693 F. Supp. 2d 667, 675 (S.D. Tex. 2010).

Finally, the court notes that, in her response, plaintiff refers to the Electronic Communications Privacy Act of 1986, 18 U.S.C. §§ 2510-22, and the Privacy Act of 1974, 5 U.S.C. § 552a. Plaintiff cannot by her response amend her complaint. In re Baker Hughes Securities Litig., 136 F. Supp. 2d 630, 646 (S.D. Tex. 2001); Coates v. Heartland Wireless Communications, Inc., 55 F. Supp. 2d 628, 644 n.26 (N.D. Tex. 1999). Neither of these statutes would be applicable in any event.

V.

Order

For the reasons discussed herein,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and plaintiff's claims in this action be, and are hereby, dismissed.

SIGNED March 13, 2018.

JOHN McBRYDE
United States District Judge

---

[5]Copies of state court filings submitted with the notice of removal reflect that plaintiff first posted comments on social media that gave rise to the letter at issue. Moreover, plaintiff herself appears to have posted the letter at a later date. Doc. 1. These are documents of which the court can take judicial notice. See supra at 5.